IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BLEU BLAZE DONAHUE,                                    Case. No. 6:26-cv-748-MC

        Plaintiff,                                    OPINION & ORDER

        v.

CATHY KRAMER,

        Defendant.

_____

MCSHANE, Judge:

    *Pro se* plaintiff Bleu Blaze Donahue seeks leave to proceed *in forma pauperis*. ECF No. 2. This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

1 – Opinion & Order

Plaintiff alleges that Defendant Cathy Kramer, a Courtroom Deputy in the Eugene division, conspired to abuse her position and "obstruct my federal lawsuit Donahue v. Hoschouer." Compl. 3; ECF No. 1. "Kramer took personal stewardship of the conspiracy to violate my rights via not doing her lawful job as a courtroom deputy and choosing to not respect me as a legitimate party before her court." *Id.* Plaintiff generally alleges, in a broad and conclusory fashion, that Kramer conspired to have Plaintiff's earlier case, Donahue v. Oregon, No. 1:25-cv-01174-AA, dismissed with prejudice. Plaintiff styles his claims as *Bivens* claims. There are several fatal errors barring Plaintiff's claims.

First, his claims are barred by judicial immunity. Judicial immunity is a common law doctrine that protects "the finality of judgements" and "discourage[s] inappropriate collateral attacks . . . by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988)(citing Bradley v. Fisher, 80 U.S. 335, 347 (1871)). "The common law's rationale for these decisions—freeing the judicial process of harassment or intimidation—has been thought to require absolute immunity even for advocates and witnesses. *Id*. However, even with this immunity, "judicial mistakes or wrongs are open to correction through ordinary mechanisms of review," the appellate process. *Id*.

This immunity extends to court staff engaged in administrative duties. "'Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process' unless a clerk acts 'in the clear absence of all jurisdiction.'" *Torres v. Voltz*, 2019 WL 3345972 at *5 (N.D. Cal. 2019) (quoting *Mullis v. United States Bankr. Ct., Dist. of Nev*, 828 F.2d 1358, 1390 (9th Cir. 1987)). "Quasi-judicial immunity extends 'to court clerks and other non-judicial officers for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of

2 – Opinion & Order

the judicial function.'" *Id.* (quoting *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002). Such quasi-judicial immunity applies, say, when the clerk refuses to file court papers. *Id.* (citing *Mullis*, 828 F.2d at 1390). Such immunity applies also for failing to report allegations that multiple federal judges have found to be frivolous.

Plaintiff's claims here stem from his theory that because Kramer was aware of the conspiracy Plaintiff outlined in case number 25-1174-AA, and because Kramer did not notify the United States Attorney of the conspiracy, Kramer violated Plaintiff's constitutional rights (by forcing Plaintiff to face illegal state criminal charges). For context, Plaintiff's claims in 25-1174-AA asked the court to intervene in his pending state charges for Luring a Minor, Online Sexual Corruption of a Child in the First and Second Degrees. Sept. 5, 2025, Op. & Order in 25-1174. In September 2025, Judge Aiken entered Judgment dismissing Plaintiff's claims in 25-1174-AA with prejudice.

Because Kramer is clearly entitled to quasi-judicial immunity, Plaintiff fails to state a claim and this action must be dismissed with prejudice. However, Plaintiff's claims face multiple other hurdles; hurdles that Plaintiff cannot clear.

For example, Plaintiff's claims appear to be barred by the *Rooker-Feldman* doctrine. Plaintiff lists his damages as "damages for loss of liberty resulting from the coerced guilty plea and retaliatory arrest," ostensibly from pleading guilty to the Luring a Minor and Online Corruption of a Child chares in state court. To the extent Plaintiff's complaint is an attempt at an end run around state court proceedings, the claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth*

3 – Opinion & Order

*Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

And to the extend Plaintiff's state criminal proceedings are ongoing, this action is barred by the abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971), which prevents a federal court from directly interfering with ongoing criminal proceedings in state court. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding. *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). Absent here are any "extraordinary circumstances" that might uproot the "strong federal policy against federal-court interference with pending state judicial proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).

Finally, to the extent Plaintiff's claims here implicate the validity of any state court criminal conviction, they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Because Plaintiff fails to state a claim, Plaintiff's application for leave to proceed in forma pauperis is DENIED and this case is DISMISSED, with prejudice. The Court notes that Plaintiff has filed 6 federal actions to date. The first three, 1:25-cv-01174-AA; 1:25-cv-01175-CL; 6:26-cv-00152-AP, were dismissed, with prejudice. This action is dismissed, with prejudice. Cases 6:26-cv-00501-MTK and 6:26-cv-00747-AP remain pending at the IFP screening phase. All six cases appear to be based on Plaintiff's state court criminal proceedings (and resulting guilty plea).

4 – Opinion & Order

At some point, the Court will be forced to declare Plaintiff a vexatious litigant and en-join Plaintiff from filing future actions.

IT IS SO ORDERED.

DATED this 20th day of April 2026.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

5 – Opinion & Order